**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff-Appellee,<br><br>v.<br><br>MICHAEL MINAS,<br><br>       Defendant-Appellant. | No.   16-30209<br><br>D.C. No.<br>1:14-cr-00109-EJL-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted August 29, 2017
Seattle, Washington

Before: McKEOWN and GOULD, Circuit Judges, and ROTHSTEIN,[**] District Judge.

Michael Minas, a physician, appeals his conviction on 80 counts of distribution of a controlled substance. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

Physicians are subject to criminal prosecution under 21 U.S.C. § 841 when their actions fall outside the usual course of professional practice and are conducted with no legitimate medical purpose. *United States v. Feingold*, 454 F.3d 1001, 1003 (9th Cir. 2006) (citing *United States v. Moore*, 423 U.S. 122, 124 (1975)); *see also* 21 C.F.R. § 1306.04(a). The indictment tracked the language of § 841 and properly alleged that Minas acted outside the usual course of professional practice and with no legitimate medical purpose.

The district court properly denied Minas's motion for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). Minas failed to show that the search warrant affiant intentionally or recklessly made false statements or omitted information in the affidavit.

Minas objected to the district court's admitting expert testimony related to morphine equivalent dose ("MED"), the Idaho Board of Medicine's Model Policy on the use of opioid analgesics, and Idaho's opioid epidemic. Where a defendant objects before the trial court, we review evidentiary rulings for abuse of discretion. *United States v. Hankey*, 203 F.3d 1160, 1166-67 (9th Cir. 2000). Where a defendant fails to make a Rule 403 objection before the trial court, we review for plain error. *United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990). MED is a standard tool used to calculate the overall strength of opioid narcotics. The Model Policy is nationally and locally recognized as reflecting the relevant,

16-30209

usual course of professional practice.  Testimony revealed that Idaho adopted the Model Policy in part because of concerns over Idaho's opioid epidemic. Accordingly, this expert testimony was not only helpful to the jury, but was necessary to assess whether Minas's actions were criminal; and, therefore, the district court properly admitted the testimony.  *See Feingold*, 454 F.3d at 1007; *United States v. Boettjer*, 569 F.2d 1078, 1082 (9th Cir. 1978).

The government having presented ample evidence of Minas's guilt through the testimony of twenty-two witnesses, the district court did not err in concluding that sufficient evidence supported the conviction.  *See Feingold*, 454 F.3d at 1004-06, 1012-13; *see also United States v. Varma*, 691 F.2d 460, 464 n.2 (10th Cir. 1982) (collecting cases).  Nor did it err in denying Minas's proposed jury instruction that defined the "practice of medicine" in Idaho.  The instruction would have been confusing, and the instructions given fairly and adequately covered the proper finding of intent.  *See Feingold*, 454 F.3d at 1008.

**AFFIRMED.**